IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MALIKA RILEY,**   Plaintiff, v.  **CHEVRON PHILLIPS CHEMICAL CORPORATION LP.,**   Defendant | CA No.  JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the retaliation and common law claims suffered by Plaintiff, MALIKA RILEY, due to CHEVRON PHILLIPS CHEMICAL CORPORATION LP. (hereinafter "Defendant" or "Chevron Phillips") taking adverse employment actions against her.

1.2 Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory, actual, liquidated and punitive damages; and costs and attorney's fees for the Family Medical Leave interference and retaliation suffered by Plaintiff due to Defendant's actions.

1.3 This action arises under the Family Medical Leave Act.

2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and the Family Medical Leave Act, and 28 U.S.C. § 1331.

2.2. Jurisdiction is appropriate under the Family Medical Leave Act.

2.3. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201 and 2202 and the Family Medical Leave Act.

2.4.   Actual damages are sought pursuant to the Family Medical Leave Act and state common law.

2.5.   Liquidated and injunctive relief is sought pursuant to the Family Medical Leave Act and state common law.

2.6.   Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP, Family Medical Leave Act.

2.7.   Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1) and the Family Medical Leave Act.

2.8.   Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1) and the Family Medical Leave Act.

### 3.   VENUE

3.1.   Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

### 4.   PARTIES

4.1.   Plaintiff is a former employee of Defendant and resides in Baytown, Harris County, Texas.

4.2.   Defendant Chevron Phillips is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant can be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Summons is requested at this time.

### 5.   STATEMENT OF THE CLAIMS

5.1.   FACTS

5.2.   Plaintiff, Malika Riley is a 39-year-old female with three higher level degrees including a Master's degree and was employed by Respondent, Chevron Phillips for almost two years as a HR Business Partner. Plaintiff maintained excellent evaluations throughout her career

with Defendant until which time Defendant, through its agent, Ms. Melissa Simpson, began a pattern and practice of discriminating and retaliating against her. Ms. Simpson was more critical of the Plaintiff after it was disclosed to her that the Plaintiff would need to go out on medical leave for an extended period of time.

5.3. In January 2016, Plaintiff learned that she was going to have surgery in the summer of 2016. Plaintiff kept Ms. Simpson informed as to her medical needs and remained complaint with all requests made by Ms. Simpson well in advance as Plaintiff was aware that she was not happy with the amount of time Plaintiff would need to be out for recovery. Plaintiff expected her surgery to be routine and communicated her medical leave necessity to Defendant via email, text and verbally.

5.4. After the announcement of surgery, Ms. Simpson put Plaintiff on a performance plan. In late June 0f 2016, 4 days prior to going out on medical leave, Ms. Simpson placed Plaintiff on an unexpected performance improvement plan. There were no prior performance issues or disciplinary actions that would warrant any disciplinary action or any sort of performance plan. A month prior to being placed on the plan, upper management at the site and client group conveyed accolades and praise on Plaintiff for doing a great job and gave her performance recognition. Defendant gave Plaintiff a rating of ME- Meets Expectation in December of 2015, prior to Ms. Simpson's arrival at the site. Ms. Simpson failed to allow Plaintiff ample time to successfully execute requirements of the plan, as was given to other employees including Plaintiff's peers and comparators. The terms of the plan were not legitimate.

5.5. Unfortunately for Plaintiff, the mother of young children she was rushed to the ER in early August 2016 and was rushed to the hospital for blood clots which developed from the surgery. These blood clots were especially life threatening as they traveled to her lungs. Plaintiff was such a diligent employee that she emailed her supervisor, ironically the head of Human Resources, to inform her of the situation from the Emergency Room.

5.6. In August of 2016, Plaintiff was admitted to intensive care and spent 4 days in the hospital critical care unit.[1]

5.7. Because of the dangerous and life threatening nature of these blood clots, Plaintiff was forced to go on Family Medical Leave for additional treatment as required. One of the larger issues was difficulty walking and with movement associated with swelling and pain in Plaintiff's leg and foot. Movement such as walking, prolonged sitting and standing limited Plaintiff's mobility for long periods and caused complications due to blood clots that could have broken off and traveled to Plaintiff's heart or brain resulting in death. Plaintiff remained on blood thinners and pain medication which restricted her from returning to work.

5.8. Despite the fact that Plaintiff was on Federally protected medical leave for this serious medical condition, Ms. Simpson harassed Plaintiff and interfered with Plaintiff's Federally protected leave, including but not limited to questioning Plaintiff in an interrogating manner for attending a personal event. This event was not outside of the plaintiff's restrictions as approved by the plaintiff's primary care physician and the Chevron Phillips' company doctor. This personal event was not related to Plaintiff's protected leave and required Plaintiff to be sitting at a child's sporting event. Ms. Simpson clearly communicated an animus towards Plaintiff's leave.

5.9. Ms. Simpson, as HR Manager, is charged with scienter on behalf of Defendant regarding Family Medical Leave for its employees. Despite this position of authority, Ms. Simpson continued her interference and retaliation by harassing Plaintiff as to why she could not come back to work; contrary to doctor's orders. Plaintiff retained these emails and communicated via company cell phone texts as well.

---

[1] Plaintiff was actually admitted to the hospital two times for blood clots.

5.10. Once Plaintiff did go back to work after being on Family Medical Leave, she remained on intermittent Family Medical Leave, attending doctor's appointments, and was preparing to have additional surgery related to additional complications.

5.11. Plaintiff informed Ms. Simpson that she would be taking time off on November 15, 2016 to meet with her new surgeon. Plaintiff also discussed with Ms. Simpson about her subsequent and impending surgery in December of 2016.

5.12. Ms. Simpson fired Plaintiff on November 28, 2016; less than two weeks after these conversations.

5.13. Plaintiff was on protected Family Medical Leave when Ms. Simpson fired her.

5.14. When Ms. Simpson fired Plaintiff, Plaintiff was still on her illegitimate performance plan. In fact, it was a month shy from being over.

## 6. CAUSES OF ACTION

6.1. <u>Family Medical Leave Act Retaliation and Interference -</u> Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity. Defendant illegally and wrongfully interfered with Plaintiff's approved Family Medical Leave. The above-described actions of Defendant were so outrageous in character and so extreme in degree that they exceeded all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community.

6.2. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to, humiliation and embarrassment among co-workers, customers and others sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 7. PRAYER

7.1. WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    7.1.1. Declare Defendant's conduct in violation of Plaintiff's rights;

    7.1.2. Enjoin the Defendant from engaging in such conduct;

    7.1.3. Award Plaintiff actual damages;

    7.1.4. Order Defendant to pay Plaintiff back pay and front pay and benefits;

    7.1.5. Award Plaintiff compensatory damages for mental anguish;

    7.1.6. Award Plaintiff punitive damages to be determined by the trier of fact;

    7.1.7. Grant Plaintiff pre-judgment and post-judgment interest;

    7.1.8. Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

    7.1.9. Order and grant such other relief as is proper and just.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
ellen@rosenberglaw.com
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF